QUESTION: May a commissioner properly bring a new, nonemergency matter which, during the time between a work session (held on Thursday preceding a meeting) and the regular commission meeting (held on first and third Mondays of each month), comes to his or her attention before the city commission at its regular meeting as a new matter for discussion and possible or actual commission action under the heading on the meeting's agenda "other commission action" without violating s. 286.011, F.S., the Government in the Sunshine Law?
SUMMARY: The Sunshine Law, s. 286.011, F.S., does not require each item of business to be placed on an agenda as a precondition to board discussion and consideration at a properly noticed, open public meeting of a governmental body. For purposes of this opinion, only s. 286.011, F.S., will be considered, and no comment is made or intended vis-a-vis any other statute, city charter provision, or city ordinance. In Hough v. Stembridge, 278 So.2d 228 (3 D.C.A. Fla., 1973), the court made the following comments at 290-291: Both the appeal in this first cause of action and the suggestion for prohibition in the second cause of action challenged the propriety of that injunction under which it would be a violation of the Sunshine Law for a board or commission to hold "a public meeting" without reasonable notice to the public and to take action on a matter which had not been placed on an agenda. The agenda plots the orderly conduct of business to be taken up at a noticed public meeting as provided for by city charter or ordinance. F.S. s. 286.011 does not embody this subject matter nor does it contemplate the necessity for each item to be placed on the agenda before it can be considered by a public noticed meeting of a governmental body. Although the drawing up of an agenda is a matter related to a noticed public meeting, it essentially is an integral part of the actual mechanics and procedures for conducting that meeting and, therefore, aptly relegated to local practice and procedure as prescribed by city charters and ordinances. Furthermore, the necessity of items to appear on an agenda before they could be heard at a meeting would foreclose easy access to such meeting to members of the general public who wish to bring specific issues before the governmental body. Therefore, that part of the summary judgment which refers to the necessity of an agenda under the Sunshine Law is erroneous and argument based thereon is without merit. Accordingly, I am of the opinion that the failure of a specific item to appear on a published agenda does not preclude discussion of that item at an open, public noticed meeting of a governmental body. Of course, whenever possible, covered boards or commissions should discuss only those matters of which the public has been properly advised. I should also caution that if this procedure were to be designedly used in such a manner as to circumvent or frustrate the Sunshine Law, I do not believe that the holding in Hough would prohibit appropriate legal action being taken under such circumstances.